133211

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Progressive Casualty Insurance Company,

    Plaintiff,

vs.                                              CASE NO.: 1:22-cv-562

United States of America,

                                                      **COMPLAINT**

    Defendant.

Now comes Plaintiff, Progressive Casualty Insurance Company, by and through counsel, and for its Complaint against Defendant, United States of America, states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff, Progressive Casualty Insurance Company, is an insurance company organized under the laws of the State of Ohio and licensed to do business and issue policies of insurance in the State of Ohio, with its principal place of business and/or nerve center located at 6300 Wilson Mills Rd., Mayfield Village, Ohio 44143. At all times material hereto, Progressive Casualty Insurance Company was authorized to transact its insurance business within the State of Ohio.

2. Defendant, United States of America, employed Orlando Rivera through the US Marshal's office/department. At all times material hereto, Orlando Rivera was acting in the course and scope of his employment for the US Marshal's office/department.

3. Subject matter jurisdiction is vested in this Court over this claim against the United States for money damages pursuant to 28 § 1346(b)(1).

4. Venue is proper in this court pursuant to 28 U.S.C. § 1402(b) and § 1391(e)(1) because the alleged act or omission giving rise to the claim occurred in Cincinnati, Ohio.

5. At the time of the incident which gave rise to this lawsuit, Orlando Rivera was participating in work related to his role/job in the US Marshal's office/department. Pursuant to 28 U.S.C. § 2671 and § 2672, the Federal Tort Claim Act covers the incident.

## STATEMENT OF FACTS

6. On May 12, 2020, and at all times material herein, Plaintiff, Progressive Casualty Insurance Company, was the insurer, assignee, and subrogee of Judy Sheridan, who was the owner of a 2015 Toyota.

7. On May 12, 2020, on westbound East 2nd Street in Cincinnati, Ohio, Orlando Rivera was operating a Chevrolet Tahoe in Cincinnati, Ohio.

8. Orlando Rivera drove the Chevrolet Tahoe on East 2nd Street and rear-ended Plaintiff's insured's 2015 Toyota.

9. As a result of the collision, Plaintiff's insured's 2015 Toyota was damaged.

10. Plaintiff filed a Standard Form 95 with the U.S. Marshals Service, Office of the General Counsel for the $3,415.36 in damages it paid on behalf of Judy Sheridan, which was received by the Staff Judge Advocate on or about July 8, 2020.

11. The U.S. Marshals Service, Office of the General Counsel has not made a final disposition of the claim. As more than six months have passed since Plaintiff filed the Standard Form 95, Plaintiff brings this action pursuant to 28 U.S.C. § 2401(b) and § 2675.

## CAUSE OF ACTION

12. Plaintiff reiterates and realleges paragraphs one through eleven as if fully rewritten herein.

13. On May 12, 2020, on East 2nd Street in Cincinnati, Ohio, Orlando Rivera, while operating his Chevrolet Tahoe, had a duty to:

    a. Maintain reasonable control of the Chevrolet Tahoe;

    b. Operate the Chevrolet Tahoe at a speed that was safe for the weather conditions;

    c. Maintain an assured clear distance ahead; and

    d.  Follow applicable traffic laws.

14. Orlando Rivera failed to maintain reasonable control of the Chevrolet Tahoe; operated the Chevrolet Tahoe at a speed that was unsafe for the weather conditions; did not maintain an assured clear distance ahead; and failed to follow applicable traffic laws.

15. At the time of the collision, Orlando Rivera was operating the Chevrolet Tahoe in the course and scope of his employment with the US Marshal's office/department, and pursuant to 28 U.S.C. § 2672 was an employee of the United States, under circumstances where the United States, if a private person, would be liable to Plaintiff according to the laws of the State of Ohio.

16. As a result of Orlando Rivera's negligence, Plaintiff's insured's 2015 Toyota was damaged in the amount of $3,415.36.

17. Plaintiff's insured sustained a $250.00 deductible loss.

18. Plaintiff was required to pay on behalf of its insured the sum of $3,415.36 for the damage to the 2015 Toyota, and became subrogated to said amount.

Wherefore, Plaintiff, Progressive Casualty Insurance Company, demands judgment against Defendant, United States of America, in the amount of $3,415.36, plus statutory interest, plus the costs of this action.

    Respectfully submitted,

    *s/ Matthew C. Workman*
    Matthew C. Workman (0080791)
    Elaine Gladman (0073882)
    Shaun E. Young (0079284)
    KEIS | GEORGE llp
    55 Public Square, #1900
    Cleveland, Ohio 44113
    Phone: 216.241.4100
    Fax:    216.771.3111
    Email:  mworkman@keisgeorge.com
            egladman@keisgeorge.com
    *Attorneys for Plaintiff*